Fleming J.
After stating the case, proceeded; *155 The first objection made by the counsel for the appellant, was, that the survey did not pursue the warrant But I think there is no weight in this, as the variance is only in the quantity» If the land had been imperfectly described, it might have been fatal»
The second objection was, that the Act of 1785, only respected cases where surveys had been made» I am clearly of opinion, that this act, notwithstanding the title of it, relates as well to entries as surveys, and comprehends the present case» Unrod., (who I am satisfied is ■ the same person as Vinegard,) most certainly forfeited his right to a grant, if lord Fairfax had evinced an intention of availing himself of it, but not having done so, the land is to be considered as appropriated, and therefore, could not be regranted by the Commonwealth under the Act of 1785»
Carrington L — -I have no doubt but that Unrod and Vinegard are the same persons, nor do I consider the variance between the warrant and survey, as to the quantity, as being of any consequence» The title of Unrod was prior to that of Johnson ; and since it was not defeated by any act of lord Fairfax, in taking advantage of the forfeiture, the land could not be considered as unappropriated.', and as such subject to be granted under the Act of 1785»
The President»»-! feel no difficulty about the variance in the name of Unrod, nor in the quantity of land» According to the decision in the case of Picket v. Dowdall, it follows, that the right of Unrod was liable to forfeiture by the failure to apply for a grant within the time limited by the rules of the office, and by the non-payment of the composition and office fees. But as lord Fairfax did no act manifesting an intention to avail himself of the forfeiture, the title of Unrod rested upon his survey until 1786, and was confirmed by that act, which limited no time for the payment of the composition and fees» The Act of 1786, relates, 1st, to entries, 2dly, to surveys not returned | and SdJy, to surveys returned, and eograntecl *156 The Act of 1783, Ch. £0, continues that of 1786, aa to entries and surveys, and comprehends the three branches of the latter law.
Mr. Lee contended that the construction of the Act, of 1786 might be either extended or narrowed, and supposed that the latter was most consistent with the justice of the case, and the intention of the Legislature. My opinion is directly otherwise; and in this particular case I should feel very little disposed to narrow the construction, when I consider that Unrod was an infant for many years after the death of his ancestor, and that he resided during that time and after wards out of this State. It is immaterial to decide whether the Commonwealth did, or did not, succeed to the rights of the proprietor, in cases of ungranted lands. If she did, yet no advantage has been taken of the forfeiture by her. If she did not succeed to them, then the land was legally appropriated by lord Fair-fax, and consequently could not under the Act of 1785 be granted to any other person.
Decree affirmed.([1])

 Alexander v. Greenup, 1 Munf. 134.142. Noland v. Cromwell, 4 Munf 255. 172.